# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**CIVIL ACTION NO. 4:10-CV-00086-JHM**

**ANTHONY HURM, et al.**                                              **PLAINTIFFS**

**V.**

**MARK CURRY, et al.**                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants Mark Curry and Mark Wagoner's Motion for Judgment on the Pleadings [DN 22] and Plaintiffs Anthony Hurm and Lisa Jackson's Motion to Amend/Correct Complaint [DN 25]. Fully briefed, these matters are ripe for decision.

## I. BACKGROUND

Plaintiffs Anthony Hurm and Lisa Jackson contracted with Defendant Mark Wagoner to do some home improvement work on Defendant Wagoner's home. During the remodel, Defendant Wagoner gave Plaintiffs $10,000 to pay subcontractors who had completed some work on the home. Plaintiffs did not pay the subcontractors but instead kept the $10,000. Thereafter, charges were filed against Plaintiffs in Muhlenberg Circuit Court for felony theft by failure to make required disposition of property over $300.00. Plaintiffs were eventually arrested based on these charges and jailed in the Muhlenberg County Detention Center where Defendant Mark Curry is the Jailer and Defendant Wagoner is a deputy jailer. Plaintiffs' families made several attempts to pay the bond set for the Plaintiffs at the jail but were not permitted to do so. After several days, Plaintiffs families were able to post the required bond and the Plaintiffs were released. Eventually, Plaintiffs were tried by a jury in Muhlenberg Circuit Court and found guilty of felony theft.

Plaintiffs filed the instant suit on June 25, 2010, alleging violations by Defendants under 42

U.S.C. § 1983. Plaintiffs Complaint states that Defendants conspired to extort monies from Plaintiffs by refusing to accept the $10,000 cash bond tendered by Plaintiff Hurm's family, which caused unjust additional incarceration. The Complaint also states that Defendants conspired to extort monies from Plaintiffs by filing additional charges against Plaintiff Jackson, which increased her bond and caused her unjust additional incarceration. There are also claims against Defendant Curry in his supervisory role as Jailer. The final claim is against Defendant Wagoner for common law breach of contract and promissory estoppel regarding the contract for the remodeling of Defendant Wagoner's home.

## II. STANDARD

Defendants have filed a Fed. R. Civ. P. 12(c) motion to dismiss. The standard of review applicable to motions for "judgment on the pleadings" under Fed. R. Civ. P. 12(c) is the same standard applicable to motions to dismiss under Rule 12(b)(6). Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998). Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. A complaint falls short if it pleads facts "merely

consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 1949, 1950. Instead, the allegations must "'show[] that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

Defendants contend that the Complaint is insufficient because it invokes § 1983 without alleging any specific constitutional provision underlying the § 1983 action. Defendants also contend that the Complaint should be dismissed because they are entitled to qualified immunity, there is no respondeat superior liability under § 1983, and because the state law claim is barred by the doctrine of issue preclusion.[1] Plaintiffs have responded claiming that the complaint is sufficient and also by filing a motion to amend the complaint.

Fed. R. Civ. P. 15(a) states that "[a] party may amend its pleading once as a matter of course . . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." However, "that window of opportunity does not remain open forever. Once a pleading deadline has passed, litigants must meet the higher threshold for modifying a scheduling order found in Rule 16(b)." Shane v. Bunzl Distrib. USA, Inc., 275 Fed. Appx. 535, 536 (6th Cir. April 30, 2008). Fed. R. Civ. P. 16(b) states that modifications of the scheduling order are available "only for good cause and with the judge's consent." "'The primary measure of Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements.'" Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002) (quoting Bradford v. DANA Corp., 249 F.3d

---

[1] The Court notes that even if it were to find in favor of Defendants on each issue raised that the claims against Defendants in their official capacities would still remain, as they have not been addressed by Defendants in their motion.

3

807, 809 (8th Cir. 2001)). "Another relevant consideration is possible prejudice to the party opposing the modification." Id.

Plaintiffs concede that their motion is slightly untimely but contend that the untimeliness creates no substantial or reasonable prejudice to Defendants. Plaintiffs argue that the Amended Complaint adds no new parties, claims, or substantial fact allegations. Rather, the Amended Complaint specifically alleges that Defendants violated the Plaintiffs' Eighth and Fourteenth Amendments rights in violation of § 1983. Defendants contend that the amendment is a response to their motion to dismiss, that it is not the result of any newly discovered facts, and that it will prejudice them by delaying the resolution of the suit.

While the Plaintiffs' Motion for Leave to Amend Complaint does not specifically discuss the Rule 16 "good cause" standard, the Court finds that the Plaintiffs have demonstrated "good cause" to modify the scheduling order. The Court's Scheduling Order set a February 28, 2011, deadline for amendments to the pleadings by Plaintiffs, and Plaintiffs' motion to amend was filed on April 12, 2011, only six weeks after the deadline had passed.[2] Defendants will not be prejudiced by the amendment of the complaint in any considerable manner. Defendants still have ample time to conduct discovery, as the discovery period does not close until September 30, 2011. Furthermore, the Amended Complaint merely cures procedural deficiencies in the original Complaint and does not change or alter the actual claims against the Defendants that were originally pled. Because the Defendants will not be prejudiced by the amendment to the Complaint and because Plaintiffs have demonstrated their attempted diligence in complying with the scheduling order, the Court finds that

---

[2] Plaintiffs incorrectly claim that the applicable deadline is March 30, 2011. However, that deadline only applies to amendments filed by Defendants.

they have demonstrated good cause to amend the scheduling order. Having satisfied the good cause standard, the Court finds that Plaintiffs should be allowed to amend their Complaint.

The Court will now address the Defendants substantive arguments for dismissal, as applied to the Plaintiffs' Amended Complaint. Defendants first argue that Plaintiffs' Complaint fails to allege a violation of an underlying constitutional right. However, Plaintiffs Amended Complaint has cured this defect.

Defendants next argue that they are entitled to judgment on the pleadings based on the defense of qualified immunity. "Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Miller v. Sanilac Cnty., 606 F.3d 240, 247 (6th Cir. 2010) (quoting Phillips v. Roane Cnty., 534 F.3d 531, 538 (6th Cir. 2008)). To demonstrate that Defendants are not entitled to qualified immunity, Plaintiffs must allege that a constitutional right was violated and that the right was clearly established at the time of the violation, i.e., that a reasonable jailer or deputy jailer confronted with the same situation would have known that refusing to accept properly tendered bond after bond had been set would violate the Plaintiffs' rights. Scott v. Harris, 550 U.S. 372, 377 (2007); Pearson v. Callahan, 555 U.S. 223 (2009). The Court's analysis of the alleged facts is undertaken in the light most favorable to the party asserting the injury. Ammex, Inc. v. Durant, 381 Fed. Appx. 482, 485 (6th Cir. May 26, 2010).

Plaintiffs' § 1983 action in their Amended Complaint is premised on violations of two constitutional provisions, the Eighth and Fourteenth Amendments. The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual

5

punishments inflicted." U.S. Const. amend. VIII. While Plaintiffs' Amended Complaint claims that Defendants violated their Eighth Amendment rights, the Court finds that there are no facts alleged that support a claim that Plaintiffs' respective bonds were excessive. Although Plaintiffs allege that Defendants caused Plaintiff Jackson's bond to be raised to $142,000, there is no set of facts alleged that such a bond was excessive in light of the charges against Plaintiff Jackson. The Court finds that Plaintiffs have failed to allege that there was a violation of their Eight Amendment rights. See Iqbal, 129 S. Ct. at 1951. Accordingly, Defendants are entitled to qualified immunity on the Eighth Amendment claim.

Plaintiffs' Amended Complaint also invokes the Fourteenth Amendment, which provides in pertinent part: "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Sixth Circuit has found that "inherent in our American concept of liberty is the general existence to the right to bail, and that if bail is denied, the denial must not violate the procedural standards developed from the due process clause." Atkins v. Mich., 644 F.2d 543, 549 (6th Cir. 1981) (quotations and citations omitted). The Amended Complaint states that the Defendants refused to accept the Plaintiffs' respective bonds when they were presented to Defendants at the jail, unjustly causing additional and unreasonable days of incarceration. The Amended Complaint also states that the "Defendants had a legal duty to release Plaintiffs upon the proper presentation of the bond monies . . . and failed to do so . . . ." Pls.' Amended Complaint ¶ 8(f). Taking the facts alleged in the Amended Complaint in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have alleged that their liberty interest in being released on bond was infringed upon by Defendants in violation of the Due Process Clause. The Amended Complaint attributes this violation to all Defendants, and the Court construes the alleged

6

actions as pertaining to all Defendants.

The Court must now determine whether the right to due process of law regarding the posting of bond was clearly established in June 2009. For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Ammex, 381 Fed. Appx. at 485 (quotation omitted). "The relevant inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001) *modified on other grounds by* Pearson v. Callahan, 555 U.S. 223 (2009). The Court finds that it would be clear to a reasonable jailer or deputy jailer that refusal to accept properly tendered bond money and release a pretrial detainee was unlawful in June 2009. See Atkins, 644 F.2d at 549; Dodds v. Richardson, 614 F.3d 1185, 1206 (10th Cir. 2010) (finding that a pretrial detainee's due process right to be free from unjustified detention after his bail was set was clearly established in 2007 for purposes of qualified immunity); see also Ky. RCr. 4.24 (stating that another bonded public officer other than the clerk of court "shall be authorized by the chief judge of the circuit court to take bail. The authorized bonded public officer *shall* take bail when the clerk of the court is unavailable.").

Although Plaintiffs have failed to allege a violation of their Eighth Amendment rights, the Court finds that Plaintiffs have alleged facts, taken in the light most favorable to Plaintiffs, that demonstrate Defendants violated their due process rights to be released upon the proper presentation of bond, and that such a right was clearly established in June 2009. Therefore, the Court grants Defendants qualified immunity as to the Eighth Amendment claim but denies Defendants qualified

7

immunity as to the Fourteenth Amendment claim.[3]

Defendants next contend that the Plaintiffs' state law claim for breach of contract is barred by issue preclusion. The doctrine of issue preclusion, also known as collateral estoppel, acts to bar the re-litigation of an issue that has previously been fully litigated. Issue preclusion requires four elements: (1) that the issues raised in the second case were the same issues litigated in the first case; (2) that the issues were actually litigated; (3) that they were actually decided; and (4) that they were necessary to the court's judgment. Coomer v. CSX Transp. Inc., 319 S.W.3d 366, 374 (Ky. 2010). Defendants argue that Plaintiffs' convictions for felony theft by failure to make required disposition of property over $300.00 required the jury to find that Plaintiffs breached an agreement with Defendant Wagoner to pay subcontractors. In support of this argument, Defendants have tendered the jury instructions from the Plaintiffs' criminal trial. These instructions state that in order to find the Plaintiffs guilty of felony theft, the jury must find that Plaintiffs were paid a sum of money by Defendant Wagoner for work on the Defendant's house; that the Plaintiffs had an agreement with Defendant Wagoner to pay part of that sum to subcontractors; and that Plaintiffs intentionally failed to pay the subcontractors. The jury did in fact find Plaintiffs guilty beyond a reasonable doubt.

The Court recognizes that the Plaintiffs' violation of an agreement with Defendant Wagoner to pay subcontractors has been fully litigated and meets the requirements for issue preclusion. However, it is unclear at this point if there are other issues concerning the contract which have not been fully litigated. Therefore, the Court finds that dismissal of Plaintiffs' breach of contract claim

---

[3] As the Court has ruled that the Amended Complaint sufficiently attributes the refusal to accept properly presented bond to all Defendants, the Court finds it unnecessary to address Defendant Curry's argument that he should be dismissed from the suit because there is no respondeat superior liability.

on issue preclusion grounds is not appropriate at this stage of the litigation.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Amend/Correct Complaint [DN 25] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Judgment on the Pleadings [DN 22] is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED IN PART** as to Plaintiffs' Eighth Amendment claim and it is **DENIED IN PART** as to all other claims.

cc: counsel of record